1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   DARREL R. FISHER, | Case No.  1:24-cv-00560-JLT-HBK |
| 12                     Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO PROCEED *IN FORMA* |
| 13           v. | *PAUPERIS* AND DISMISS CASE AS FRIVOLOUS[1] |
| 14   J. DOE, | 14-DAY OBJECTION PERIOD |
| 15                     Defendant. | |
| 16 | |

17         This matter comes before the court for its initial screening under 28 U.S.C. § 1915A.

18   Darrel R. Fisher ("Plaintiff") is civilly committed at the Federal Medical Center in Butner, North

19   Carolina.[2]  Plaintiff commenced this action by filing a pro se civil rights complaint under 42

20   U.S.C. § 1983 and a motion to proceed *in forma pauperis* on May 10. 2024.  (Doc. Nos. 1, 2).

21   For reasons set forth below, the undersigned recommends the district court deny Plaintiff's

22   motion to proceed *in forma pauperis* and dismiss the Complaint as frivolous and lacking an

23   arguable basis in fact or law.

24                                    **SCREENING REQUIREMENT**

25         A plaintiff may bring an action under 42 U.S.C. § 1983 to remedy violations of "rights,

26

27   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2023).
28   [2] *See Fisher v. United States*, Case No. 4:24-cv-00247-FJG (W.D. Mo.), Doc. No. 3 at 1.

1    privileges, or immunities secured by the Constitution and [federal] laws," that were perpetrated

2    by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C.

3    § 1983; *see also Monell v. Dep't of Social Servs*., 436 U.S. 658, 690-95 (1978).  Because Plaintiff

4    seeks to proceed *in forma pauperis*, the Court first reviews the Complaint to determine whether

5    the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

6    monetary relief against a defendant who is immune from such relief. a defendant who is immune

7    from such relief.  28 U.S.C § 1915(e)(2)(B).

8        A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can

9    prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v.*

10   *Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997), cert. denied, 552 U.S. 996 (1997). Dismissal for

11   failure to state a claim in this context is governed by the same standard as dismissal under Federal

12   Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998).

13   As such, a complaint must contain sufficient factual matter to state a claim to relief that is

14   "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint is plausible on

15   its face when it contains sufficient facts to support a reasonable inference that the defendant is

16   liable for the misconduct alleged." *Id*.  At this stage, the court accepts the facts stated in the

17   complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr*., 425 U.S. 738, 740 (1976). The Court does

18   not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted

19   deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Nor are legal

20   conclusions considered facts. *Iqbal*, 556 U.S. at 678.

21       Because Plaintiff is proceeding pro se, the Court liberally construes the Complaint in the

22   light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt*

23   *v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation

24   of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

25   of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*

26   *Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to

27   advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role

28   as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d

1    at 1131 n.13.

2                    **BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

3          Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on

4    May 10, 2024.  (Doc. No. 1, "Complaint").  The events giving rise to the Complaint took place in

5    or near Mojave, California on an unspecified date in 1994.  (Doc. No. 1 at 5).  The Complaint

6    identifies "J. Doe" as the sole Defendant.  (*Id.*).  The Complaint, although disjointed and difficult

7    to understand, alleges that in 1994 at a California Highway Patrol weigh station on Highway 58

8    near Mojave, Defendant Doe "extorted" $789[3] from Plaintiff.  (*See generally id.*).  Plaintiff was

9    subsequently prosecuted in a Mojave courtroom based on unspecified acts by J. Doe.  (*Id.* at 5).

10   Plaintiff was then convicted in 1999 for an unspecified offense in Missouri and has been

11   incarcerated for "26+ years."  (*Id.* at 10).  "After 27 years, the Federal Government took off

12   [Plaintiff's] right leg above the knee leaving [him] tied to a wheelchair disabled, handicapped and

13   forever scarred by the results of the criminal acts of J Doe et al in 1994 as a contributory factor in

14   [his] plight."  (*Id.* at 5).  Based on the above facts, the Complaint asserts a claim for "gunpoint

15   seizure of property (contracts) impairing such contracts" and cites numerous federal laws and

16   constitutional provisions, including Article I, Section 8, clause 13; Article I, Section 9, Clause 12,

17   Article I, Section 10, Clause 1; the First, Fourth, Fifth, Seventh, and Fourteenth Amendments; 18

18   U.S.C. §§ 2, 242, 1503, 1512, 1951, 1952; and 42 U.S.C. §§ 1981, 1982, 1985(3).  (Doc. No. 1-1

19   at 1).  As relief, Plaintiff seeks $200 million "in combined actual losses and punitive damages."

20   (Doc. No. 1 at 10).

21                              **APPLICABLE LAW AND ANALYSIS**

22         As an initial matter, Plaintiff's Complaint violates Rule 8 of the Federal Rules of Civil

23   Procedure because it does not provide a date with any specificity as to when any of the alleged

24   violations occurred.  *See Cervantes v. Elsen*, 2023 WL 3483292 (N.D. Cal. May 15, 2023)

25   (allegations that the misconduct occurred from 2022 to 2023 was not a specific date); *Valenzuela*

26   *v. Monson*, 2020 WL 1812043, at *2 (D. Ariz. Apr. 8, 2020); *Fisher v. Washington State*

27

28   _____
     [3] The Complaint variously refers to the amount as $789, $879, and $869.  (*Id.* at 5, 7, 9).

                                                3

1    *Department of Corrections*, 2019 WL 1745086, at \*1 (W.D. Wash. Apr. 18, 2019) (the complaint

2    violated Rule 8 of the Federal Rules of Civil Procedure because, among other reasons, it did not

3    provide a specific date and therefore it did not "provide the defendants fair notice of what the

4    claim is . . ."); *Walker v. Muniz*, 2019 WL 2359229, at \*4 (N.D. Cal. Jun. 4, 2019) (referencing

5    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) when explaining the specific date must

6    be alleged to meet the requirement of giving defendants fair notice); *McIntosh v. City of L.A.*,

7    2005 U.S. Dist. LEXIS 53641, at \*5 (C.D. Cal. Jul. 21, 2005) (citing *McHenry v. Renne*, 84 F.3d

8    1172, 1177-79 (9th Cir. 1996)).  Other than citing the year 1994, the Complaint does not allege

9    when J. Doe held Plaintiff at gunpoint and took his property.  Because the Complaint does not

10   allege any dates when the alleged constitutional violations occurred, the Court cannot reasonably

11   infer that any Defendant is liable for the misconduct alleged.

12        It would be futile to permit Plaintiff to amend the Complaint to cure the date because the

13   Complaint is factually frivolous.  A "court need not accept as true . . . allegations that contradict

14   facts that may be judicially noticed by the court."  *Shwarz v. United States*, 234 F.3d 428, 435

15   (9th Cir. 2000).  The Court takes judicial notice of *United States v. Fisher*, Case No. 4:99-cr-

16   00012-BCW-1 (W.D. Mo.).  There, Plaintiff was found incompetent to stand trial and,

17   subsequently, was found not restorable to competency.  *Id.*, Doc. Nos. 58, 62.  Consequently,

18   Plaintiff was ordered committed to Federal Medical Center in Butner, North Carolina, where he

19   remains committed.  *Id.*  Thus, Plaintiff's allegations that Defendant J. Doe caused him to be

20   subject to a criminal prosecution and imprisoned for more than 20 years is refuted by the record.

21        Moreover, Plaintiff's Complaint is frivolous because the allegations in the Complaint are

22   essentially duplicative of claims that have summarily been dismissed by other district courts.  *See,*

23   *e.g., Fisher v. McKinney*, Case No. 2:24-cv-03284-DFS-AJR (C.D. Cal., May 1, 2024);  *Fisher v.*

24   *McKinney*, Case No. 2:24-cv-03223-RGK-DFM (C.D. Cal. April 30, 2024); *Fisher v. Connor*,

25   Case No. 4:18-cv-00521-ODS (W.D. Mo., August 20, 2018); *Fisher v. Doe*, Case No. 4:18-cv-

26   00684-W-FJG-P (W.D. Mo., October 6, 2023); *Fisher v. Roberts*, Case No. 5:23-ct-03225-M-RJ

27   (E.D. N.C., November 7, 2023); *Fisher v. U.S. District Court*, Case No. 5:24-ct-03026-BO (E.D.

28   N.C., April 17, 2024); *Fisher v. Casey*, Case No. 4:23-cv-00733-FJG (W.D. Mo., October 13,

1    2023).

2          Additionally, Plaintiff's claims a subject to dismissal because the alleged wrongdoing

3    occurred sometime in 1994.  Therefore, his claims are barred by the applicable two-year statute of

4    limitations.  *See Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018) (noting

5    that for 42 U.S.C. § 1983 actions, the statute of limitations is dictated "by the forum state's statute

6    of limitations for personal injury actions," which is two years in California); *see also Jones v.*

7    *Bock*, 549 U.S. 199, 215 (2007) ("[i]f the allegations . . . show that relief is barred by the

8    applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . .

9    . ").

10         Finally, given these deficiencies, leave to amend is not warranted.  *Lopez v. Smith*, 203

11   F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or

12   malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave

13   to amend.").  Thus, the undersigned recommends the Complaint be dismissed without leave to

14   amend, and the action be dismissed with prejudice.

15         Accordingly, it is **RECOMMENDED**:

16         1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

17         2.  Plaintiff's Complaint (Doc. No. 1) be dismissed with prejudice under § 1915

18             (e)(2)(B)(i), (ii) as frivolous and lacking an arguable basis in law or fact and/or for

19             failing to state a claim.

20   ////

21   ////

22                              **NOTICE TO PARTIES**

23         These Findings and Recommendations will be submitted to the United States District

24   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

25   after being served with a copy of these Findings and Recommendations, a party may file written

26   objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned,

27   "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge

28   will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's

                                         5

1   failure to file objections within the specified time may result in the waiver of certain rights on

2   appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

3

4   Dated:    June 7, 2024

5                                                    HELENA M. BARCH-KUCHTA
                                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28