UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL R. FISHER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. DOE,<br><br>    Defendant. | Case No. 1:24-cv-00560-JLT-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION<br><br>(Doc. No. 6) |

    Pending before the Court is Plaintiff's "Motion to Cirrect [sic] Clerk's Errors" filed May 28, 2024. (Doc. No. 6, "Motion"). Plaintiff contends there are various errors and mischaracterizations in an unspecified order issued in this matter that preclude the undersigned from presiding over the case. (*See generally id*.). Liberally construed, Plaintiff objects to certain language in the Court's First Informational Order (Doc. No. 3) and contends that Local Rule 302, which delineates the authority of magistrate judges in this district, is contrary to 28 U.S.C. § 636(b)(1). (Doc. No. 6 at 2). For the reasons set forth below, the Court denies Plaintiff's Motion.

    Plaintiff's Motion first disputes that he is either a prisoner or civil detainee, as suggested by the heading of the Court's First Informational Order ("FIO"). (*Id*. at 1). However, a review of the Federal Bureau of Prisons Inmate Locator website indicates that Plaintiff is currently being held at Butner Federal Medical Center in Butner, North Carolina under Register Number 11927-

045.[1] Plaintiff also contends, erroneously, that the FIO improperly uses the terms "plaintiff" and "defendant" to refer to the parties in this civil matter, because those terms are only used in criminal cases and the court should instead use the terms "petitioner" and "respondent."[2] (Doc. No. 6 at 1). Further, Plaintiff asserts that the FIO fails to distinguish between "cases" and "controversies" which he claims "do not mean the same thing" although he provides no authority for this assertion, nor in what way the distinction is material to this action. (*Id*.).

Finally, Plaintiff appears to assert that the undersigned lacks authority, as a magistrate judge, to screen his complaint or preside over this case because Plaintiff has not consented to magistrate judge jurisdiction. (*Id*. at 1-2). However, Plaintiff's consent is not needed for the undersigned to enter a non-dispositive order in this civil rights action. Complaints brought by persons in custody are specifically referred to magistrate judges in this district by Local Rule. *See* Local Rule 302(c)(17). The issuance of the First Informational Order, and any other non-dispositive orders, is within the magistrate judge's jurisdiction. *See York v. Stewart*, 2016 WL 6522744, at *1 (E.D. Cal. Nov. 3, 2016) (citing cases). In contrast, the Findings and Recommendations to deny Plaintiff *in forma pauperis* status and dismiss this case issued by the undersigned on June 7, 2024 (Doc. No. 7) will be adjudicated by the district court.

Accordingly, it is hereby **ORDERED**:

Plaintiff's Motion (Doc. No. 6) is **DENIED** for the reasons stated herein.

Dated:   July 8, 2024

*[signature]*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited: June 7, 2024). *See also Fisher v. United States*, Case No. 4:24-cv-00247-FJG (W.D. Mo.), Doc. No. 3 at 1.

[2] Plaintiff is advised that the terms "petitioner" and "respondent" are typically used in habeas and appellate matters, while "plaintiff" and "defendant" are used at the trial level in both civil and criminal matters.