UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL R. FISHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. DOE, et al.,<br><br>　　　　Defendant. | Case No.: 1:24-cv-0560 JLT HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, DISMISSING THE ACTION WITH PREJUDICE, DENYING PLAINIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 2, 7) |

　　　　Darrell R. Fisher seeks to hold defendant "J. Doe" liable "for his criminal acts in 1994." (Doc. 1 at 5.) Fisher asserts that on an unspecified date in 1994, he was "singled-out for a vehicle inspection" at a weigh station and Doe—who he describes as an "out-of-work CHP armed with a gun"— searched Fisher's motor vehicle without a warrant. (*Id.* at 7.) Fisher moved to proceed *in forma pauperis* in this action. (Doc. 2.) Therefore, the magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915(e)(2).

　　　　The magistrate judge found "the Complaint is factually frivolous" to the extent Fisher alleged the actions of Doe caused him to be prosecuted and imprisoned for more than twenty years, because Fisher was ordered committed to Federal Medical Center in Butner, North Carolina, after he "was found incompetent to stand trial and, subsequently, was found not restorable to competency." (Doc. 7 at 4, citing *United States v. Fisher*, Case No. 4:99-cr-00012-BCW-1 (W.D. Mo.). In addition, the magistrate judge observed that "the allegations in the Complaint are essentially duplicative of claims

1  that have summarily been dismissed by other district courts." (*Id.*, citing, *e.g.*, *Fisher v. McKinney*,
2  Case No. 2:24-cv-03284-DFS-AJR (C.D. Cal. May 1, 2024); *Fisher v. McKinney*, Case No. 2:24-cv-
3  03223-RGK-DFM (C.D. Cal. Apr. 30, 2024); *Fisher v. Connor*, Case No. 4:18-cv-00521-ODS (W.D.
4  Mo., Aug. 20, 2018); *Fisher v. Doe*, Case No. 4:18-cv-00684-W-FJG-P (W.D. Mo. Oct. 6, 2023);
5  *Fisher v. Roberts*, Case No. 5:23-ct-03225-M-RJ (E.D. N.C. Nov. 7, 2023); *Fisher v. U.S. District
6  Court*, Case No. 5:24-ct-03026-BO (E.D. N.C., Apr. 17, 2024); *Fisher v. Casey*, Case No. 4:23-cv-
7  00733-FJG (W.D. Mo. Oct. 13, 2023).) Finally, the magistrate judge found Fisher's claims are
8  "barred by the applicable two-year statute of limitations" and subject to dismissal "because the alleged
9  wrongdoing occurred sometime in 1994." (*Id.* at 5.) Thus, the magistrate judge recommended the
10 Court dismiss the complaint as frivolous and without leave to amend. (*Id.*)

11 Fisher filed objections, suggesting the magistrate judge exceeded her authority in issuing
12 Findings and Recommendations and "object[ing] to the fact that [the] Magistrate even had the guts to
13 write anything at all in this civil action." (Doc. 8 at 1; *see also id.* at 3-5.) Further, Fisher asserts the
14 magistrate judge and this Court have a history of violating individuals' "right to be heard in a proper
15 court setting." (*Id.* at 4.) He also questions the knowledge of the magistrate judge, asserting she "does
16 not even know the difference between Plaintiff/Defendant and Petitioner/Respondent to know those
17 are … criminal 'case' terms and civil action terms per the latter pair of terms used here properly." (*Id.*
18 at 2.) Fisher contends the recommendation of dismissal should not be adopted. (*Id.* at 5.)

19 The objections do not meaningfully address the analysis of the magistrate judge. To the extent
20 Fisher questions the legal acuity of the magistrate judge based upon the vocabulary used, his assertions
21 are plainly without merit.[1] In addition, Fisher fails to show the magistrate judge acted beyond the
22 scope of authority granted. This matter was referred to the magistrate judge pursuant to 28 U.S.C. §
23 636(b)(1)(B), under which a magistrate judge may "submit to a judge of the court proposed findings of
24 fact and recommendations for the disposition" of certain matters. The magistrate judge did not issue

---

[1] The *Oxford English Dictionary* defines "plaintiff" as "[t]he party who brings a suit into a court of law." *Plaintiff*, OXFORD ENGLISH DICTIONARY, Vol. XI at 957 (2nd ed. 1991). In addition, "defendant" is "[a] person sued in a court of law; the party in a suit who defends; opposed to plaintiff." *Defendant*, OXFORD ENGLISH DICTIONARY, Vol. IV at 377 (2nd ed. 1991). Both words have been used to identify parties in lawsuits—the same manner as that employed by the magistrate judge—for more than 500 years. *See Plaintiff*, OXFORD ENGLISH DICTIONARY, Vol. XI at 957; *Defendant*, OXFORD ENGLISH DICTIONARY, Vol. IV at 377.

dispositional order, or act beyond the scope of statutory authority.  Rather, the magistrate judge prepared the Findings and Recommendations as authorized under 28 U.S.C. § 636(b)(1)(B). Moreover, Fisher does not dispute—let alone acknowledge—the finding that his claims are barred by the statute of limitations.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated June 7, 2024 (Doc. 7) are **ADOPTED** in full.
2. Plaintiff's complaint is **DISMISSED** with prejudice.
3. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
4. The Clerk of Court is directed to terminate pending motions and to close this case.

IT IS SO ORDERED.

Dated:   **January 13, 2025**                                    _____
                                                                                               UNITED STATES DISTRICT JUDGE